**IN THE COURT OF APPEALS OF IOWA**

No. 17-1431
Filed December 6, 2017

**IN THE INTEREST OF E.C.,**
**Minor Child,**

**J.C. Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Stephanie F. Parry, District Associate Judge.


        A mother appeals a juvenile court dispositional-review order in a child-in-need-of-assistance proceeding modifying the custody of her child. **AFFIRMED.**


        Theresa Rachel and Dean A. Fankhauser of Fankhauser Rachel, P.L.C., Sioux City, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellee father

        Meret Thali of Juvenile Law Center, Sioux City, guardian ad litem for minor child.


        Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals a juvenile court dispositional-review order in a child-in-need-of-assistance (CINA) proceeding modifying the custody of her child, E.C., born in 2013. She contends the custody modification (1) hinders future reunification efforts and (2) is not in the best interests of the child.[1]

The mother has a long history with the Iowa Department of Human Services (DHS) concerning her inability to properly care for her children. In January 2017, as a result of concerns regarding physical abuse and continuous inadequate care, E.C. and her three half-siblings were removed from the mother's care and placed in a shelter. They were subsequently placed in foster care. At the time of removal, the children had developmental delays and numerous medical and dental needs the mother was not addressing. In March, the juvenile court adjudicated E.C. and her siblings to be CINA pursuant to Iowa Code section 232.2(6)(c)(2) and (g) (2017). In the adjudication order, the court noted its intention to explore E.C.'s father, who lives in Missouri, as a potential placement.

In May, the father requested extended visitation with the child over the summer. The mother did not object to such visitation. Following the dispositional hearing less than a week later, the juvenile court ordered the details of any extended visitation to be agreed upon between the father, DHS, and the child's guardian ad litem. The father was ultimately allowed visitation on Memorial Day

---

[1] The mother also argues the modification is unsupported by a substantial change in circumstances. We reject this argument due to our prior holding that "the juvenile court need not find a substantial change in circumstances as a prerequisite to modification of a dispositional order pursuant to Iowa Code section 232.103(4)." *In re A.J.*, No. 16-1954, 2017 WL 1278366, at *3 (Iowa Ct. App. Apr. 5, 2017) (citation omitted).

weekend, two weeks in July, and approximately three weeks in August. It was reported that E.C. became upset when she was required to leave her father's care after periods of visitation and return to her foster parents.

In July, the father moved for a modification of custody and concurrent jurisdiction. The Missouri Department of Social Services conducted a home study of the father and his significant other and ultimately recommended them for placement of E.C. A dispositional-review and modification hearing was held in August. Following the hearing, the juvenile court concluded "the least restrictive placement that is in [the child's] best interest is with her father" and accordingly transferred the care, custody, and control of the child to her father.[2] The court additionally ordered DHS to develop a plan of contact between the mother and the child and also ordered the father to be supportive of such contact.

On appeal, the mother contends the custody modification (1) hinders future reunification efforts and (2) is not in the best interests of the child.[3] Our review of CINA proceedings is de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). Our primary concern is the best interests of the child. *Id.*

First and foremost, the mother's argument that the modification will hinder reunification efforts is speculative at best. Her argument appears to rest solely upon her premature assumption that she will be disallowed from having any physical contact with the child. It is true that the father's residence is located several hours away, but visitation can be had by other means. In fact, DHS

---

[2] The juvenile court did not rule upon the father's motion for concurrent jurisdiction. A review of the record reveals that motion is still pending.

[3] We specifically note the mother does not argue on appeal that grounds for modifying the dispositional order under Iowa Code section 232.103(4) are lacking.

created a "plan of contact" allowing the mother phone or video contact two times per week and potentially supervised visitation. The plan noted the father is willing to meet the mother at a halfway point to allow future visits to occur. In any event, the mother has historically declined to utilize all of her visitation time with her children and has exhibited a general lack of interest in having her children returned to her. Simply stated, the transfer of custody to the father does not hinder future reunification efforts any more than has the mother's behavior throughout this case. The evidence does not support the mother's contention that the order hinders her chance at reunification due to a lack of visitation.

With regard to whether the custody modification was in the child's best interests, we note from the outset that "chapter 232 favors relative placements over nonrelative placements." *In re N.M.*, 528 N.W.2d 94, 97 (Iowa 1995); *see* Iowa Code § 232.99(4) ("[T]he court shall make the least restrictive disposition appropriate considering all the circumstances of the case."). Furthermore, at the time of the dispositional-review hearing, the father was working a full-time job earning $14.90 per hour and receiving dental and health benefits, and he had recently added E.C. to his health insurance and signed her up for preschool. He was tending to the child's medical ailments and setting up appointments to get her treatment. This is more than the mother has done for her child in the more than three years between the child's birth and the removal. A DHS representative testified the father has gone "above and beyond" what DHS has requested of him, E.C. has developed a bond with her father, and placement with him would be appropriate.

Considering the exemplary job the child's father has done in stepping in and caring for the child, and the court's requirement that DHS develop a plan of contact between mother and child, we agree with the juvenile court's conclusion that the child's placement in her father's care and custody is in her best interests.

We affirm the juvenile court's order transferring the care, custody, and control of the child to her father.

**AFFIRMED.**